IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| ELIZABETH PRITCHARD-SLEATH,<br><br>Plaintiff,<br><br>vs.<br><br>MONTANA DEPARTMENT OF PUBLIC HEALTH AND HUMAN SERVICES,<br><br>Defendant. | CV 12–74–H–DLC<br><br>ORDER |

Before the Court are the parties briefs regarding the admissibility of the survey conducted by the Centers for Medicare and Medicaid Services ("CMS") on the Montana Developmental Center as it pertains to Plaintiff Elizabeth Pritchard-Sleath. Plaintiff argues that only evidence concerning the reasons for termination that were outlined in the May 16, 2011 and May 27, 2011 letters ("termination letters")[1] are admissible, while evidence relating to any clients not mentioned in those letters is inadmissible. Defendant argues that everything related to Plaintiff's conduct mentioned in the CMS survey was communicated to her as part

---

[1] The May 27, 2011 termination letter references the May 16, 2011 due process letter, so the conduct listed in both letters is relevant to Plaintiff's termination.

1

of her progressive discipline and are admissible, while the results of the CMS survey regarding funding should be admitted as evidence rebutting Plaintiff's retaliation claim. The Court will allow evidence from the CMS survey that is either specifically mentioned in the termination letters or is offered to substantiate the reasons set forth therein. The potential funding consequences of the CMS survey are admissible as evidence of Defendant's motivation for Plaintiff's termination in rebuttal of the retaliation claim.

Reasons for discharge that are not stated in a discharge letter are generally irrelevant and inadmissible. *McConkey v. Flathead Electric Co-op*, 125 P.3d 1121, 1127 (Mont. 2005). However, "evidence offered to substantiate the reasons already given in the termination letter are admissible." *Id.* (internal quotations omitted).

The termination letters provide very specific reasons for Plaintiff's termination in reference to the following MDC clients: #1945, 1797, 1922, 1953, and 1969. Evidence relating to Plaintiff's conduct regarding only these clients will be admissible. Any evidence pertaining to other clients not mentioned in the termination letters, or evidence of other misconduct by the Plaintiff, is inadmissible because it is irrelevant and does not help explain the specific reasons provided for Plaintiff's discharge.

Although the potential loss of federal funding due to the CMS survey results was not listed in the termination letters as a reason for discharge, this evidence is admissible to rebut Plaintiff's retaliation claim because it provides a different motivation for Plaintiff's termination rather than her report to Disability Rights Montana. *See Johnson v. Costco*, 152 P.2d 727, 734-735 (Mont. 2007); *Foster v. Albertsons, Inc.*, 835 P.2d 720, 727 (Mont. 1992). Plaintiff has made relevant the Defendant's motivation for firing her in her retaliation claim, so Defendant can introduce evidence regarding its motivation, including that it could have lost its federal funding if it did not comply with the CMS survey findings.

IT IS ORDERED that evidence regarding Plaintiff's conduct is admissible only if it was stated in the May 16, 2011 or May 27, 2011 termination letters. Evidence of the CMS survey results is admissible only for conduct that was outlined in the termination letters regarding clients #1945, 1797, 1922, 1953, and 1969: evidence regarding all other clients in the CMS survey shall be stricken. The potential loss of federal funding is admissible because it is relevant to Plaintiff's retaliation claim.

Dated this 22nd day of August, 2014.

Dana L. Christensen, Chief District Judge
United States District Court